**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WILLIAM HART, et al.**

    **Plaintiffs,**

    **v.**                            **Case Number 2 :26-cv-462**
                                        **Judge Edmund A. Sargus, Jr.**

**REGRET, INC., et al.**                  **Magistrate Judge S. Courter M. Shimeall**

    **Defendants.**

### DEFENDANT DAN DAVIS' ANSWER TO PLAINTIFFS' COMPLAINT, COUNTERCLAIM, AND CROSSCLAIM

Now comes Defendant Dan Davis, by and through the undersigned counsel, and for his Answer to Plaintiffs' Complaint states as follows:

1. Defendant Davis admits the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. Defendant Davis admits the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Defendant Davis denies the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. The allegations contained in paragraph 4 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. The allegations contained in paragraph 5 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendant Davis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Complaint and thereby

Defendant Davis denies the same.

7. In response to the allegations contained in paragraph 7 of Plaintiffs' Complaint, Defendant Davis denies that Plaintiff Hart was "employed" by Defendants as such term is vague and subject to different interpretations. Further answering, Defendant Davis states that Plaintiff Hart performed contractual work for Defendants Regret, Inc. and Joseph Wagner as an individual subcontractor. Defendant Davis denies all remaining allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendant Davis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Complaint and thereby Defendant Davis denies the same.

9. In response to the allegations contained in paragraph 9 of Plaintiffs' Complaint, Defendant Davis denies that Plaintiff Riggs was "employed" by Defendants as such term is vague and subject to different interpretations. Further answering, Defendant Davis states that Plaintiff Riggs performed contractual work for Defendants Regret, Inc. and Joseph Wagner as an individual subcontractor. Defendant Davis denies all remaining allegations contained in paragraph 8 of Plaintiffs' Complaint.

10. Defendant Davis denies that Defendant Sunburst is an Ohio limited liability company. Further answering, Defendant Davis admits that Defendant Sunburst's primary place of business is 12981 National Rd SW, Pataskala, Ohio 40362. Defendant Davis is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint and thereby Defendant Davis denies the same.

11. Defendant Davis admits the allegations contained in paragraph 11 of Plaintiffs'

2

Complaint.

12. The allegations contained in paragraph 12 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendant Davis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiffs' Complaint and thereby Defendant Davis denies the same.

14. Defendant Davis admits the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendant Davis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiffs' Complaint and thereby Defendant Davis denies the same.

16. Defendant Davis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiffs' Complaint and thereby Defendant Davis denies the same.

17. The allegations contained in paragraph 17 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendant Davis admits the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Defendant Davis denies the allegations contained in paragraph 19 of Plaintiffs'

3

Complaint.

20. Defendant Davis denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. In response to the allegations contained in paragraph 21 of Plaintiffs' Complaint, Defendant Davis objects to the term "employees" as such term is vague and subject to different interpretations. Defendant Davis denies the remaining allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. The allegations contained in paragraph 22 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. The allegations contained in paragraph 23 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. The allegations contained in paragraph 24 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. In response to the allegations contained in paragraph 25 of Plaintiffs' Complaint, Defendant Davis objects to the term "employed" as such term is vague and subject to different interpretations. Further answering, Defendant Davis states that Plaintiffs performed contractual work for Defendants Regret, Inc. and Joseph Wagner as individual

4

subcontractors. The remaining allegations contained in paragraph 25 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. The allegations contained in paragraph 26 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. In response to the allegations contained in paragraph 27 of Plaintiffs' Complaint, Defendant Davis objects to the term "employed" as such term is vague and subject to different interpretations. Further answering, Defendant Davis states that Plaintiffs performed contractual work for Defendants Regret, Inc. and Joseph Wagner as individual subcontractors. Defendant Davis denies all remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. In response to the allegations contained in paragraph 28 of Plaintiffs' Complaint, Defendant Davis objects to the term "employed" as such term is vague and subject to different interpretations. Further answering, Defendant Davis states that Plaintiffs performed contractual work for Defendants Regret, Inc. and Joseph Wagner as individual subcontractors. Defendant Davis denies all remaining allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Defendant Davis denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. Defendant Davis is without sufficient knowledge or information to form a belief as to the

5

truth of the allegations contained in paragraph 30 of Plaintiffs' Complaint and thereby Defendant Davis denies the same.

31. Defendant Davis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiffs' Complaint and thereby Defendant Davis denies the same.

32. Defendant Davis denies the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33. Defendant Davis assert partial admission that Defendants Sunburst and/or Wagner provided and/or lent some tools and equipment to Plaintiffs. Defendant Davis denies the remaining allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. Defendant Davis denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. Defendant Davis denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36. Defendant Davis denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37. Defendant Davis denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38. Defendant Davis denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. Defendant Davis denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40. Defendant Davis admits the allegations contained in paragraph 40 of Plaintiffs'

6

Complaint.

41.     Defendant Davis denies the allegations contained in paragraph 41 of Plaintiffs'
Complaint.

42.     Defendant Davis admits the allegations contained in paragraph 42 of Plaintiffs'
Complaint.

43.     Defendant Davis denies the allegations contained in paragraph 43 of Plaintiffs'
Complaint.

44.     The allegations contained in paragraph 44 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     Defendant Davis admits that counsel for Plaintiffs emailed a letter of representation to Defendant Wagner. Further answering, Defendant Davis states that the letter of representation speaks for itself and Defendant Davis denies any misstatement and/or mischaracterization of said document in Plaintiffs' Complaint.

46.     Defendant Davis admits the allegations contained in paragraph 46 of Plaintiffs'
Complaint.

47.     Defendant Davis admits the allegations contained in paragraph 47 of Plaintiffs'
Complaint.

48.     Defendant Davis denies the allegations contained in paragraph 48 of Plaintiffs'
Complaint.

49.     Defendant Davis denies the allegations contained in paragraph 49 of Plaintiffs'
Complaint.

7

50. The allegations contained in paragraph 50 of Plaintiffs' Complaint do not require a response from Defendant Davis. Insofar as a response is necessary, Defendant denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51. The allegations contained in paragraph 51 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52. In response to the allegations contained in paragraph 52 of Plaintiffs' Complaint, Defendant Davis denies that Plaintiffs were hourly non-exempt employees. Defendant Davis denies the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53. In response to the allegations contained in paragraph 53 of Plaintiffs' Complaint, Defendant Davis denies that Plaintiffs were hourly non-exempt employees. Defendant Davis denies the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54. Defendant Davis denies the allegations contained in paragraph 54 of Plaintiffs' Complaint.

55. Defendant Davis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiffs' Complaint and thereby Defendant Davis denies the same.

56. Defendant Davis denies the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57. The allegations contained in paragraph 57 of Plaintiffs' Complaint do not require a response from Defendant Davis. Insofar as a response is necessary, Defendant denies the allegations contained in paragraph 57 of Plaintiffs' Complaint.

8

58. The allegations contained in paragraph 58 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59. In response to the allegations contained in paragraph 59 of Plaintiffs' Complaint, Defendant Davis denies that Plaintiffs were hourly non-exempt employees. Defendant Davis denies the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60. Defendant Davis denies the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61. Defendant Davis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiffs' Complaint and thereby Defendant Davis denies the same.

62. Defendant Davis denies the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63. The allegations contained in paragraph 63 of Plaintiffs' Complaint do not require a response from Defendant Davis. Insofar as a response is necessary, Defendant denies the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64. Defendant Davis denies the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65. The allegations contained in paragraph 65 of Plaintiffs' Complaint do not require a response from Defendant Davis. Insofar as a response is necessary, Defendant denies the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66. The allegations contained in paragraph 66 of Plaintiffs' Complaint state legal conclusions

9

for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67. Defendant Davis denies the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68. Defendant Davis denies the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69. Defendant Davis denies the allegations contained in paragraph 69 of Plaintiffs' Complaint.

70. Defendant Davis denies the allegations contained in paragraph 70 of Plaintiffs' Complaint.

71. Defendant Davis denies the allegations contained in paragraph 71 of Plaintiffs' Complaint.

72. The allegations contained in paragraph 72 of Plaintiffs' Complaint do not require a response from Defendant Davis. Insofar as a response is necessary, Defendant denies the allegations contained in paragraph 72 of Plaintiffs' Complaint.

73. The allegations contained in paragraph 73 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 73 of Plaintiffs' Complaint.

74. The allegations contained in paragraph 74 of Plaintiffs' Complaint state legal conclusions for which Defendant Davis is neither required to admit or deny. To the extent that a response is necessary, Defendant Davis denies the allegations contained in paragraph 74

of Plaintiffs' Complaint.

75. Defendant Davis denies the allegations contained in paragraph 75 of Plaintiffs' Complaint.

76. Defendant Davis denies the allegations contained in paragraph 76 of Plaintiffs' Complaint.

77. Defendant Davis denies the allegations contained in paragraph 77 of Plaintiffs' Complaint.

78. Defendant Davis denies the allegations contained in paragraph 78 of Plaintiffs' Complaint.

79. Defendant Davis denies each and every allegation of Plaintiffs' Complaint not specifically admitted herein.

**FIRST AFFIRMATIVE DEFENSE**

80. Defendant Davis incorporates paragraphs 1 through 79 above as if fully rewritten herein.

81. Plaintiffs' Complaint, in whole or in part, fails to state any claims upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

82. Defendant Davis incorporates paragraphs 1 through 81 above as if fully rewritten herein.

83. Some or all of the Defendants are not employers as defined by the FLSA, 29 U.S.C. § 203, et seq.

**THIRD AFFIRMATIVE DEFENSE**

84. Defendant Davis incorporates paragraphs 1 through 83 above as if fully rewritten herein.

85. Defendant Davis invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA").

11

**FOURTH AFFIRMATIVE DEFENSE**

86.     Defendant Davis incorporates paragraphs 1 through 85 above as if fully rewritten herein.

87.     Plaintiffs have failed to use reasonable efforts to mitigate damages, if any, by reason of which, recovery is barred.

**FIFTH AFFIRMATIVE DEFENSE**

88.     Defendant Davis incorporates paragraphs 1 through 87 above as if fully rewritten herein.

89.     Any and all damages purportedly suffered by Plaintiffs, which are expressly denied herein, are the direct and proximate result of their own actions or inactions, or the actions or inactions of third persons beyond Defendant Davis' control.

**SIXTH AFFIRMATIVE DEFENSE**

90.     Defendant Davis incorporates paragraphs 1 through 89 above as if fully rewritten herein.

91.     Defendant at all times, and in all matters, acted in accordance with any and all duties and obligations he may have had under the FLSA, if any, and Ohio law cited in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

92.     Defendant Davis incorporates paragraphs 1 through 91 above as if fully rewritten herein.

93.     In the alternative, any violation by Defendant Davis, which is at all times denied, was both in good faith and predicated upon reasonable grounds that would make it unfair to impose more than a compensatory verdict.

**EIGHTH AFFIRMATIVE DEFENSE**

94.     Defendant Davis incorporates paragraphs 1 through 93 above as if fully rewritten herein.

95.     Plaintiffs' claims are barred due to payment.

12

**NINTH AFFIRMATIVE DEFENSE**

96.    Defendant Davis incorporates paragraphs 1 through 95 above as if fully rewritten herein

97.    Plaintiffs' claims are barred by the doctrine of in pari delicto.

**TENTH AFFIRMATIVE DEFENSE**

98.    Defendant Davis incorporates paragraphs 1 through 97 above as if fully rewritten herein.

99.    Plaintiffs' claims are subject to set-off.

**ELEVENTH AFFIRMATIVE DEFENSE**

100.    Defendant Davis incorporates paragraphs 1 through 99 above as if fully rewritten herein.

101.    Plaintiffs' claims are barred by unjust enrichment.

**TWELFTH AFFIRMATIVE DEFENSE**

102.    Defendant Davis incorporates paragraphs 1 through 101 above as if fully rewritten herein.

103.    Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, unclean hands, and waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

104.    Defendant Davis incorporates paragraphs 1 through 103 above as if fully rewritten herein.

105.    Defendant Davis' acts were not willful, intentional, or with reckless disregard of applicable law as those terms are defined in the FLSA and Ohio law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

106.    Defendant Davis incorporates paragraphs 1 through 105 above as if fully rewritten herein.

107.    Any acts by Defendant Davis were not willful, wanton, reckless and/or malicious as

13

defined by federal law, nor were they willful, and/or intentional, and/or with callous and reckless indifference, as defined by Ohio law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

108.    Defendant Davis incorporates paragraphs 1 through 107 above as if fully rewritten herein.

109.    Plaintiffs are not entitled to recover general, compensatory/back pay, liquidated, treble, punitive, or any other damages, or attorney's fees and costs from Defendant Davis.

**SIXTEENTH AFFIRMATIVE DEFENSE**

110.    Defendant Davis incorporates paragraphs 1 through 109 above as if fully rewritten herein.

111.    Plaintiffs lack standing.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

112.    Defendant Davis incorporates paragraphs 1 through 111 above as if fully rewritten herein.

113.    Plaintiffs' claims are asserted in bad faith.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

114.    Defendant Davis incorporates paragraphs 1 through 113 above as if fully rewritten herein.

115.    The allegations set forth in the Complaint have no evidentiary support, are likely to have no evidentiary support after a reasonable opportunity for further investigation or discovery, and are in fact false, frivolous, and asserted in bad faith in violation of Rule 11 of the Federal Rules of Civil Procedure.

**NINETEENTH AFFIRMATIVE DEFENSE**

116.     Defendant Davis incorporates paragraphs 1 through 115 above as if fully rewritten herein.

117.     The filing of the Complaint constitutes "frivolous conduct" within the meaning of Ohio Revised Code § 2323.51 as the claims alleged in the Complaint are inconsistent with the facts of which Plaintiffs is aware, are not warranted under existing law, and cannot be supported by a good faith argument for an extension, modification or reversal of existing law; as a result, Defendant Davis is entitled to recover the attorneys' fees that he will incur as a result of Plaintiffs' frivolous conduct in filing this action against him.

118.     Defendant Davis reserves the right to amend and/or supplement these affirmative and other defenses.

**WHEREFORE,** Defendant Davis having fully answered Plaintiffs' Complaint respectfully requests that this Honorable Court Dismiss Plaintiffs' Complaint with prejudice, that Defendant recover their costs incurred herein, including reasonable attorney's fees, and that the Court grant Defendant any and all relief which the Court may deem just, proper, and equitable.

Respectfully submitted,

JACK MOSER LAW, Co. LPA

/s/ Jack L. Moser, Jr.
Jack L. Moser, Jr., Esq. (0070427)
109 West Johnstown Road
Gahanna, Ohio 43230
Tele: (614) 478-8005
Fax: (614) 495-8980
moserjkl@aol.com
Attorney for Defendant
Dan Davis

## COUNTERCLAIM

Defendant Dan Davis for his Counterclaim states as follows:

## FACTS RELEVANT TO ALL COUNTS

119. Defendant Davis incorporates paragraphs 1 through 118 above as if fully rewritten herein.

120. This Court has original subject matter jurisdiction over Plaintiffs' federal claims asserted in Plaintiffs' Complaint at paragraph 4.

121. has supplemental jurisdiction over Defendant Davis' state law Counterclaims (Slander and Tortious Interference With Contract) under 28 U.S.C. §1367. These state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

122. Upon information and belief, Plaintiff Hart is an individual residing in Fairfield County, Ohio.

123. Upon information and belief, Plaintiff Riggs is an individual residing in Licking County, Ohio.

124. Defendant Regret Inc., is a corporation dba Sunburst Pools (hereinafter "Sunburst"), organized under the laws of Ohio, with its principal place of business located at 12981 National Road, Licking County, Ohio.

125. Defendant Joseph Wagner is the owner and president of Regret Inc., dba Sunburst Pools.

126. Defendant Dan Davis is an individual residing in Perry County, Ohio.

127. At all times relevant herein, Defendant Davis is an independent salesman, tradesman, and craftsman who performs contract work for Defendants Wagner and Sunburst as an independent contractor.

16

128. At all times relevant herein, Defendant Davis sells pools to customers of Defendant Sunburst and interacts with said customers as an independent contractor (Defendant Davis is compensated on a commission basis for such sales).

129. At all times relevant herein, as an independent contractor, Defendant Davis designs and prepares construction materials for each project on a per customer basis (Defendant Davis is paid as a subcontractor on a weekly flat rate basis).

130. As additional activity related to Defendants Sunburst and Wagner customers, Defendant Davis as an individual contractor, installs, maintains, and repairs pools on a per customer basis (Defendant Davis is paid as a subcontractor on a weekly flat rate basis).

131. On or about January 16, 2026, Plaintiffs' counsel, Adam Lubow, sent a letter of representation to Defendants Sunburst and Wagner, via electronic mail delivery at info@sunburstpool.com.

132. On or about January 16, 2026, Defendant Davis received the letter of representation addressed to Defendants Sunburst and Wagner.

133. On or about January 16, 2026, Defendant Wagner was in Florida taking care of family matters following the loss of Defendant Wagner's brother. Defendant Wagner did not return to Ohio until March, 2026.

134. In or around late November – early December, 2025, Plaintiff Hart approached Defendant Davis and asked Davis if he wanted to join in and be part of Plaintiffs' lawsuit against Defendants Sunburst and Wagner.

135. In or around late November – early December, 2025, Plaintiff Hart told Defendant Davis that Plaintiffs intended to capitalize on Wagner's absence to take possession and control of the company, as well as its customers and projects.

17

136. In or around late November – early December, 2025, Defendant Davis refused to participate in Plaintiffs' scheme to take over Sunburst, as well as its customers and projects.

137. After Defendant Davis refused to join in, Plaintiffs began a campaign to maliciously injure the reputation of Defendant Davis.

**COUNT ONE: SLANDER**

138. Defendant Davis incorporates paragraphs 1 through 137 above as if fully rewritten herein.

139. This Court has supplemental jurisdiction over Defendant Davis' Counterclaim under 28 U.S.C. §1367. Defendant Davis' state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

140. Upon information and believe, Plaintiffs have on one or more occasions recklessly, intentionally, and/or maliciously and continuously communicated false and defamatory statements of fact concerning Defendant Davis which they knew or should have known were false.

141. As set forth more fully in paragraphs 134 and 135 above, Plaintiff Hart informed Davis that Plaintiffs intended to capitalize on Wagner's absence to take possession and control of the company, as well as its customers and projects.

142. Following Defendant Davis' refusal to associate with Plaintiffs, Plaintiff Hart began a campaign to slander and injure the reputation of Defendant Davis.

143. Defendant Davis is a board member of Genesis Communities, a non profit organization that builds cabins for homeless veterans.

144. Based on Defendant Davis' references and recommendation, Plaintiff Hart's wife was offered a position on Genesis Communities' board.

145. On or about December 8, 2025, Plaintiff Hart, as well as Plaintiff Hart's wife, made malicious claims and statements about Defendant Davis during a Genesis Communities' board meeting; Plaintiff Hart and Plaintiff's wife asserted that Davis had been stealing from the board.

146. Upon information and belief, Plaintiffs also have communicated to third-parties that Defendant Davis had been stealing from Defendants Sunburst and Wagner.

147. Plaintiffs' acts and defamatory false statements were committed intentionally, maliciously, culpably and/or in a gross, wanton, unreasonable, and/or reckless manner.

148. Plaintiffs acted in reckless disregard of the Defendant Davis' rights.

149. As a direct and proximate result of Plaintiffs' continuous reckless, intentional and/or malicious defamatory and slanderous communications to third-parties, Defendant Davis has suffered continuous and increasing harm as the defamation and slander has continued.

150. As a direct and proximate result of Plaintiffs' actions, Defendant Davis has suffered damages in an amount to be proven at trial.

## COUNT TWO: TORTIOUS INTERFERENCE WITH CONTRACT

151. Defendant Davis incorporates paragraphs 1 through 150 above as if fully rewritten herein.

152. This Court has supplemental jurisdiction over Defendant Davis' Counterclaim under 28 U.S.C. §1367. Defendant Davis' state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States

19

Constitution.

153.   Defendant Davis sells pools to customers of Defendant Sunburst and interacts with said customers as an independent contractor on a per sales basis (Defendant Davis is generally compensated on a 30% commission basis for his efforts on each individual and independent transaction).

154.   At all times relevant herein, Plaintiffs had knowledge of the existence of Defendant Davis' contract with Defendants Sunburst and Wagner that produced commissions for Defendant Davis on a per sales basis.

155.   On more than one occasion, Plaintiffs tortiously interfered with Defendant Davis' commission based contract with Defendants Sunburst and Wagner by failing to finish projects Plaintiffs had been compensated for in advance.

156.   On more than one occasion, Plaintiffs tortiously interfered with Defendant Davis' commission based contractual relationship with Defendants Sunburst and Wagner by performing construction and installation work in a defective, unworkmanlike, and unprofessional manner.

157.   As a result of Plaintiffs' failure to finish projects, Defendant Davis lost out on his per sales commission for each per sales project Defendant Davis was entitled.

158.   Plaintiffs' actions and/or inactions were without justification or privilege.

159.   As a direct and proximate result of Plaintiffs' actions and/or inactions, Defendant Davis has suffered damages in an amount to be proven at trial.

**CROSSCLAIM**

Defendant Dan Davis for his Crossclaim states as follows:

160.   Defendant Davis incorporates paragraphs 1 through 159 above as if fully rewritten

20

herein.

161. At all times relevant herein, Defendant Davis is not an employer as defined by the FLSA, 29 U.S.C. § 203, et seq., Section (D)(2) of the OMFWSA, and/or O.R.C. 4111.03(D)(2).

162. Defendant Davis is entitled to complete indemnification and/or contribution from Defendants Regret and Wagner regarding Plaintiffs' claims against Defendant Davis.

**WHEREFORE, as to his Counterclaim,** Defendant Dan Davis requests judgment as follows:

**Under Count One,** Defendant Davis demands judgment against Plaintiffs, jointly and severally, in an amount to be determined at trial, plus costs, interest, punitive and exemplary damages against Plaintiffs according to proof in an amount sufficient to punish and deter Plaintiffs and others from engaging in similar wrongdoing, plus costs of this litigation, including reimbursement for deposition fees, travel expenses, and other expenses to collect and produce evidence in this matter, interest, prejudgment interest, reasonable attorney fees, and any other further relief that this Court may deem proper.

**Under Count Two,** Defendant Davis demands judgment against Plaintiffs, jointly and severally, in an amount to be determined at trial, plus costs, interest, punitive and exemplary damages against Plaintiffs according to proof in an amount sufficient to punish and deter Plaintiffs and others from engaging in similar wrongdoing, plus costs of this litigation, including reimbursement for deposition fees, travel expenses, and other expenses to collect and produce evidence in this matter, interest, prejudgment interest, reasonable attorney fees, and any other further relief that this Court may deem proper.

**WHEREFORE, as to his Crossclaim,** Defendant Dan Davis prays for an Order that Defendant Davis be granted complete contractual, statutory, and common law indemnification

21

and/or contribution by Defendants Regret Inc., dba Sunburst Pools, and Joseph Wagner as to the defense of Plaintiffs' claims and the payment of any damages sought or obtained by Plaintiffs against Defendant Davis. Defendant Davis further requests costs of this litigation, including reimbursement for deposition fees, travel expenses, and other expenses to collect and produce evidence in this matter, interest, prejudgment interest, reasonable attorney fees, and any other further relief that this Court may deem proper.

Respectfully submitted,

JACK MOSER LAW, Co. LPA

/s/ Jack L. Moser, Jr.
Jack L. Moser, Jr., Esq. (0070427)
109 West Johnstown Road
Gahanna, Ohio 43230
Tele: (614) 478-8005
Fax: (614) 495-8980
moserjkl@aol.com
Attorney for Defendant
Dan Davis

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via the Court's electronic filing system, by rule and notice, to all parties indicated for receipt upon so designated upon the ECF filing.

/s/ Jack L. Moser, Jr.
Jack L. Moser, Jr., Esq. (0070427)

22